{¶ 43} I respectfully dissent from the Majority Opinion. The current residential zoning of Visconsi's property is constitutional and has not been shown otherwise. Consequently, the judgment of the trial court should have been affirmed.
 {¶ 44} Strongsville is a charter municipality. According to Article VIII, Section 6 of the City's Charter, a single-family housing classification cannot be rezoned, unless the change has been adopted in accordance with the legislative procedures approved by the majority of the electors in the City and a majority of the electors in the ward in which the property is located. Where a city charter provision requires zoning changes to be approved by referendum, the
 {¶ 45} city is required to submit the issue to the voters before such changes may be enacted.[1]
 {¶ 46} Further, Strongsville Zoning Code Section 1240.02 recognizes it is limited by the Charter by stating in relevant part: "The purpose of this Zoning Code and the intent of the legislative authority in its adoption is to promote and protect to the fullest extent permissible under the powers of theCharter, the public health, safety, convenience, comfort, prosperity and the general welfare of the City." (Emphasis added.) Therefore, in spite of the language set forth in the Zoning Code regarding adhering to the Comprehensive Plan, the City's Charter delegates the final decision regarding the rezoning of single-family areas to the electorate. The Comprehensive Plan cannot usurp this power, as the Code specifically states it is limited by the Charter. In the instant case, over seventy-percent of the voters chose to maintain the current zoning.
 {¶ 47} I agree voters cannot maintain unconstitutional zoning. However, reviewing the record, the City presented evidence the current zoning is constitutional. A zoning ordinance is presumed to be constitutional[2] and is unconstitutional only if it is "clearly arbitrary and unreasonable and without substantial relation to public health, safety, moral, or general welfare of the community. The party challenging the constitutionality of a zoning classification bears the burden of proof and must prove unconstitutionality beyond fair debate."[3] The standard of "beyond fair debate" in zoning litigation is analogous to the standard of "beyond a reasonable doubt" standard in criminal law.[4]
 {¶ 48} In my opinion, Visconsi failed to prove "beyond fair debate" the current zoning is unconstitutional. Although Visconsi portrays the parcel as surrounded largely by commercial property, the Ledgewood Development, which contains over 300 medium-to-high-priced single-family homes and 200 cluster homes, is adjacent to the property to the north and west. Further, although Interstate 71 is to the east of the property, a buffer between the property and interstate is created by a "greenbelt" owned by the Metro Parks. Therefore, although the frontage of the property is commercial, a substantial portion is adjacent to residential and park areas.
 {¶ 49} Visconsi presented evidence that the topography of the parcels made residential building undesirable and costly; however, the builder of the Ledgewood Development stated the topography of the parcels is less severe than Ledgewood and that homes could be built in that area. Evidence was also presented of other developments which are accessed via commercial roads. Therefore, there was evidence presented that residential development was possible. The mere fact that the property would be substantially more valuable if used in an alternative way is, in itself, insufficient to invalidate an existing zoning ordinance.[5]
 {¶ 50} The City also presented evidence the current zoning prevents traffic from becoming further congested, thereby preserving the safety and welfare of the public. The City also stated the current zoning maintains a balance between residential and commercial buildings and preserves the aesthetics of the area. These are recognized governmental interests.[6]
 {¶ 51} "The legislative, not the judicial, authority is charged with the duty of determining the wisdom of zoning regulations, and the judicial judgment is not to be substituted for the legislative judgment in any case in which the issue or matter is fairly debatable."[7] Because it is "fairly debatable" whether the current zoning is unconstitutional, and because I do not find the Comprehensive Plan controlling, I would affirm the trial court's judgment.
[1] See, City of Eastlake v. Forest City Enterprises, Inc.
(1976), 426 U.S. 672, 675.
[2] Cent. Motors Corp. v. Pepper Pike, 73 Ohio St.3d 581,583-84, 1995-Ohio-289.
[3] Goldberg Cos., Inc. v. Richmond Hts. City Council,81 Ohio St.3d 207, 213, 1998-Ohio-456, quoting Euclid v. AmblerRealty Co. (1926), 272 U.S. 365, 395, 47 S.Ct. 114,71 L.Ed. 303.
[4] Cent. Motors Corp., 73 Ohio St.3d at 584.
[5] Smythe v. Butler Twp. (1993), 85 Ohio App.3d 616, 621.
[6] Cent. Motors, supra; Hudson v. Albrect, Inc. (1984),9 Ohio St.3d 69; Bella Vista Group, Inc. v. City of Strongsville,
Cuyahoga App. No. 80832, 2002-Ohio-443 at ¶ 27.
[7] Willot v. Beachwood (1964), 175 Ohio St. 557, 560.